IN THE UNITED STATES DISTRICT COURT OF
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON CHAPPELL, #236111, ) | |
| a.k.a., WILBUR LEON SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:13-CV-811-WHA |
| ) | [WO] |
| ) | |
| MONTGOMERY CO. COURTROOM, ) | |
| JUDGE TRACEY MCCOOEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Leon Chappell, an indigent state inmate, on November 4, 2013. In this complaint, as supplemented, Plaintiff challenges his current classification level and the constitutionality of actions undertaken by Judge Tracey McCooey when she revoked him from community corrections and reinstated him to prison on a new theft charge. In addition to the Honorable Tracy McCooey, Plaintiff also names Blair Benson, Esq., and Montgomery County, Alabama, as defendants. He seeks injunctive relief.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] Plaintiff has been granted leave to proceed *in forma pauperis* in this cause of action. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened in accordance with the

**I. DISCUSSION**

*A. Judge Tracy McCooey*

On January 29, 2013, Plaintiff states he was charged with second degree theft. He appeared before Judge McCooey on March 6, 2013, who revoked him from community corrections on a technical violation ("dirty urine"), and not, he claims, on the new charge of second degree theft. He goes on to assert, however, that Judge McCooey "reinstated" him on the new theft charge and ran the sentence imposed for the new offense concurrent with the unexpired term remaining on his 2003 conviction for burglary. Plaintiff further complains that upon his return to prison at the Kilby Correctional Facility, correctional officials improperly increased his classification level based on the theft offense rather than the technical violation he committed while at the community corrections program.

The claims against Judge McCoey entitle Plaintiff to no relief. To the extent Plaintiff seeks declaratory and/or injunctive relief from adverse decisions issued by Judge McCooey in state criminal and/or revocation proceedings over which she presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising

---

provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Id.* at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Plaintiff's request for declaratory and/or injunctive relief with respect to any actions undertaken by Judge McCooey during proceedings related to a state conviction imposed against him and/or

reinstatement to prison based on a technical violation is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[2] *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

*B. Classification*

Plaintiff complains that the security classification level assigned to him at the Kilby Correctional Facility was improperly increased from a level 1 to a level 4. An inmate confined in the Alabama prison system, however, has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because Plaintiff has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process. Thus, Plaintiff's challenge regarding his security classification level is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. §

---

[2] The court notes that any request for monetary damages from Judge McCooey is likewise unavailing as it is clear that all of the allegations made by Plaintiff against Judge McCooey emanate from actions taken by this defendant in her judicial capacity during state court proceedings over which she had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to her judicial authority. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).

4

1915(e)(2)(B)(i).

*C. The Challenges to Plaintiff's Conviction*

To the extent Plaintiff seeks to challenge the validity of the conviction(s) and/or sentence(s) under which he is currently incarcerated, such claim provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id* at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Id*. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

To the extent the claims set forth in the instant complaint challenge the constitutionality of a conviction and/or sentence on which Plaintiff is currently incarcerated, a judgment in favor of Plaintiff on this claim would necessarily imply the invalidity of this conviction and/or sentence. It is clear from the complaint that the conviction and/or sentence about which Plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the conviction and/or sentence imposed upon Plaintiff is prohibited and subject to summary dismissal by

this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[3] *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

D.  Blair Benson, Esq.

Plaintiff names attorney Blair Benson as a defendant but states no cause of action against this individual.   *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974). Nonetheless, Plaintiff's complaint against this individual is subject to dismissal. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even

---

[3] If Plaintiff seeks to challenge the Alabama Department of Corrections' calculation of the sentence(s) he is serving, he may file a habeas application under 28 U.S.C. § 2241.

court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Accordingly, Plaintiff's complaint against Defendant Benson is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

### E. Montgomery County, Alabama

Plaintiff's complaint against Montgomery County is likewise due to be dismissed as frivolous. Section 1983 imposes liability on a municipality, such as Montgomery County, only if it deprives a plaintiff of rights protected by the Constitution or federal law pursuant to an official municipal policy. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690-91 (1978). Additionally, governmental entities, such as Montgomery County, cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior. See Id.* at 694; *Canton v. Harris,* 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983." (emphasis in original)). .

In this case, Plaintiff does not sue Montgomery County for any policy, practice or custom that violated his civil rights nor can the County be liable under § 1983 simply because it employs a tortfeasor. *See Monell*, *supra*. Consequently, Plaintiff's claims against Montgomery County are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against the named defendants be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii).

2. Plaintiff's challenge to the constitutionality of a conviction and/or sentence imposed upon him by a state court be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3. This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and/or (iii).

It is further

ORDERED that **on or before January 2, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of December, 2013.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE